ORIGINAL

# In the United States Court of Federal Claims

No. 18-367C

Filed: July 27, 2018

FILED
JUL 27 2018
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ERIC EMANUEL TAYLOR,<br><br>Plaintiff, *pro se*,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Rules of the United States Court of Federal Claims ("RCFC") 8(e) (Construing Pleadings), 12(b)(1) (Motion To Dismiss), 60(c) (Motion for Relief from Judgment); 28 U.S.C. § 453; U.S. CONST. art. II § 1, cl. 8; art. VI, cl. 3; amend. VI. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Eric Emanuel Taylor**, Portsmouth, Virginia, Plaintiff, *pro se*.

**David M. Kerr**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government

**MEMORANDUM OPINION AND FINAL ORDER**

BRADEN, *Senior Judge*.

I.   **BACKGROUND AND PROCEDURAL HISTORY.**[1]

In 2006, Mr. Eric Taylor was convicted of unlawful wounding in Virginia and received a five-year suspended sentence. *See Taylor v. United States*, 130 Fed. Cl. 570, 571 (Fed. Cl. 2016).

In 2016, Mr. Taylor filed a Complaint in the United States Court of Federal Claims for alleged violations of 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments of the United States Constitution, and for unjust conviction and imprisonment arising from his 2006 conviction and sentencing. *Id.*

On August 1, 2016, the court issued an Order Of Dismissal after determining it did not have jurisdiction to adjudicate Mr. Taylor's aforementioned claims. *Id.* On November 9, 2016, the United States Court of Appeals for the Federal Circuit affirmed the August 1, 2016 Order of

---

[1] The relevant facts discussed herein were derived from the March 7, 2018 Complaint ("3/7/18 Compl.").

7017 1450 0000 1346 4186

Dismissal. *See Taylor v. United States*, 666 F. App'x. 896, 897 (Fed. Cir. 2016). The United States Supreme Court denied certiorari on March 20, 2017. *See Taylor v. United States*, 137 S. Ct. 1347 (Mem).

On March 7, 2018, Mr. Taylor filed a new Complaint in the United States Court of Federal Claims alleging that the August 1, 2016 Order Of Dismissal, the November 9, 2016 decision affirming the dismissal, and the March 20, 2017 denial of certiorari violated Mr. Taylor's Sixth Amendment rights, breached contracts arising from various oaths of office, and caused damage to his reputation, along with pain and suffering. 3/7/18 Compl. at 2–3.

On April 3, 2018, Mr. Taylor filed a Motion For Mandamus And Prohibition, requesting that: (1) the court list the United States as both Plaintiff and Defendant in this action; (2) the court order the Clerk to correct the amount of compensatory damages to "a zillion" dollars, instead of a million dollars; and (3) the record be revised to show that Mr. Taylor never filed a motion to seal this case. 4/3/18 Motion For Mandamus at 2. On April 17, 2018, the Government filed a Response To Plaintiff's Motion For Mandamus And Prohibition. 4/17/18 Response To Motion For Mandamus.

On that date, the Government also filed a Motion To Dismiss Or, In The Alternative, Response to Plaintiff's Motion For Relief From This Court's August 1, 2016 Judgment ("Gov't Mot."), because the United States Court of Federal Claims does not have jurisdiction to adjudicate Mr. Taylor's claims. Gov't Mot. at 1.

On May 17, 2018, Mr. Taylor filed a Motion To Strike Defendant's Response, that the court construes as a Response to the Government's April 17, 2018 Motion To Dismiss[2] ("Pl. Resp.").

On May 23, 2018, the Government filed a Reply ("Gov't Reply").

## II.   DISCUSSION.

### A.   Jurisdiction.

The court must consider jurisdiction as a threshold matter before reaching the substantive merits of a case. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). The United States Court of Federal Claims has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of

---

[2] Because the court construes the March 17, 2018 filing as a Complaint, the court does not consider the Government's alternative argument.

Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.     Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). A *pro se* plaintiff must still establish the court's jurisdiction. *See Tindle v. United States*, 56 Fed. Cl. 337, 341 (Fed. Cl. 2003) ("The fact that plaintiff is proceeding *pro se*, however, does not change the ultimate legal standard and plaintiff's burden of proof on subject matter jurisdiction.").

### C.     Standard For Motion To Dismiss Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all

3

reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### D. The Government's April 17, 2018 Motion To Dismiss.

The March 7, 2018 filing challenges the court's August 1, 2016 Opinion And Order dismissing Mr. Taylor's prior Complaint and appears to seek relief from the judgment entered. 3/7/18 Compl. at 2. The March 7, 2018 filing also includes allegations relating to various oaths of office, damage to reputation, and pain and suffering. 3/7/18 Compl. at 2–3. RCFC 60(c) requires that a Motion For Relief From Judgment, pursuant to RCFC 60(b), be filed "no more than a year after the entry of the judgment or order[.]" RCFC 60(c). To timely file his Motion For Relief From Judgment, Mr. Taylor needed to file a Motion For Relief From Judgment no later than July 31, 2017. Therefore, if the court construed the March 7, 2018 filing as a Motion For Relief From Judgment, the filing would be untimely. Accordingly, the court construes Mr. Taylor's March 7, 2018 filing as a Complaint, instead of a Motion For Relief From Judgment. *See* RCFC 8(e) (requiring the court to construe pleadings "so as to do justice.").

#### 1. The Government's Argument.

The Government argues that the United States Court of Federal Claims does not have jurisdiction to adjudicate the claims alleged in the March 7, 2018 Complaint. Gov't. Mot. at 1. This is so, because Mr. Taylor's claims are not rooted in a "money mandating" source of substantive law, as Tucker Act jurisdiction requires. Gov't Mot. at 4. The Government adds that Mr. Taylor's Sixth Amendment claim "cannot combine with the Tucker Act to provide the court jurisdiction," because the Sixth Amendment is not money-mandating. Gov't Mot. at 4 (citing *Milas v. United States*, 42 Fed. Cl. 704, 710 (Fed. Cl. 1999)); *see also* U.S. CONST. amend. VI. In addition, the Government argues that the Sixth Amendment is only applicable in criminal prosecutions, that are not within the jurisdiction of the United States Court of Federal Claims. Gov't Mot. at 5.

#### 2. Plaintiff's Response.

Plaintiff responds that the court "does have power to render judgement upon any claim against the U.S. for the unliquidated damages not sounding in tort," and that denying subject matter jurisdiction in his case would be unconstitutional, because a court that has jurisdiction to adjudicate his case is constitutionally compelled to do so. Pl. Resp. at 2.

#### 3. The Court's Resolution.

The Tucker Act is a jurisdictional statute that confers jurisdiction upon the United States Court of Federal Claims when a substantive right exists. *Testan*, 424 U.S. at 398. As a threshold matter, subject-matter jurisdiction under the Tucker Act requires that the substantive source of law for a plaintiff's claim be "money-mandating." *Fisher*, 402 F.3d at 1172. The Sixth Amendment guarantees rights of those prosecuted in criminal proceedings, but is not "money mandating." *See Milas*, 42 Fed. Cl. at 710 ("[T]he Fifth and Sixth Amendments are not money mandating and, consequently, cannot combine with the Tucker Act to provide the court jurisdiction[.]"). For this reason, the court has determined that it does not have jurisdiction to adjudicate the Sixth Amendment claims alleged in the March 7, 2018 Complaint.

The March 7, 2018 Complaint also alleges that the Government's treatment of Mr. Taylor during the course of his 2016 suit breached contracts arising from 28 U.S.C. § 453, Article Two, Section One, Clause Eight of the Constitution, and Article Six, Clause Three of the Constitution, *i.e.*, the Judicial Oath of Office, the Presidential Oath of Office, and the Congressional Oath of Office, respectively. 3/7/18 Compl. at 3. Ordinarily, a breach of contract claim against the Government is a money-mandating source. *See Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011) ("[W]hen a breach of contract claim is brought in the Court of Federal Claims under the Tucker Act, the plaintiff comes armed with the presumption that money damages are available[.]"). An oath of office, however, is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort. The United States Court of Federal Claims does not have jurisdiction to adjudicate claims "sounding in tort." 28 U.S.C. § 1491(a)(1). In addition, even if the oaths of office at issue could be construed as contracts, the March 7, 2018 Complaint does not allege the elements of a contract, *i.e.*, "a mutual intent to contract including an offer, acceptance, and consideration." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997); *see also Nalette v. United States*, 72 Fed. Cl. 198, 202 (Fed. Cl. 2006) (determining that claims alleging the breach of an oath of office sound in tort). For these reasons, the court has determined that it does not have jurisdiction to adjudicate Mr. Taylor's breach of contract claims.

The March 7, 2018 Complaint's claims for damage to reputation and for pain and suffering also sound in tort. *See Walsh v. United States*, 250 F. App'x. 310, 311 (Fed. Cir. 2011) (holding that the United States Court of Federal Claims does not have jurisdiction to adjudicate claims for defamation and pain and suffering, because they sound in tort). For these reasons, the court has determined that it does not have jurisdiction to adjudicate the claims for damage to Mr. Taylor's reputation and for pain and suffering alleged in the March 7, 2018 Complaint.

Finally, the United States Court of Federal Claims does not have jurisdiction to issue a writ of mandamus. *See Del Rio v. United States*, 87 Fed. Cl. 536, 540 (Fed. Cl. 2009) ("The authority to issue a writ of mandamus rests with the district courts. . . .The Court of Federal Claims lacks jurisdiction to hear mandamus petitions."). Accordingly, this court need not address the arguments discussed in Mr. Taylor's April 3, 2018 Motion For Mandamus or the Government's April 17, 2018 Response.

### III.   CONCLUSION.

For these reasons, the Government's April 27, 2018 Motion to Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss the March 7, 2018 Complaint. All other pending motions are denied as moot.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Senior Judge**